IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | |
|---|---|
| PAMELA INGRAM, as Personal Representative of the Estate of BILLY R. INGRAM and as surviving spouse of BILLY R. INGRAM, deceased, and on behalf of the wrongful death beneficiaries of BILLY R. INGRAM,<br><br>Plaintiff,<br><br>v.<br><br>C. H. ROBINSON COMPANY, INC. d/b/a C.H. ROBINSON WORLDWIDE, INC.; RYAN MICHAEL KEYS; and E & S FREIGHT SYSTEMS LLC,<br><br>Defendants. | **FILED**<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT ARKANSAS<br><br>JUL 2 8 2023<br><br>TAMMY H. DOWNS, CLERK<br>By: _____ DEP CLERK<br><br>No. 2:23-CV-156-LPR<br>**JURY DEMAND**<br><br>This case assigned to District Judge Rudofsky<br>and to Magistrate Judge Harris |

## COMPLAINT

Plaintiff, Pamela Ingram, individually and as spouse and next of kin of Billy R. Ingram, deceased, and as personal representative of the Estate of Billy R. Ingram on behalf of all wrongful death beneficiaries of Billy R. Ingram, through her attorney of record, files this Complaint against Defendants.

### JURISDICTION, VENUE, PARTIES

1. This Court has subject matter jurisdiction over Plaintiff's claims and causes of action pursuant to 28 U.S.C. § 1332(a)(1) and (3). This is an action for damages involving a matter in controversy in excess of $75,000, exclusive of costs and

interest. On information and belief, no Defendant, nor any individual member of an LLC entity is a citizen or resident of Plaintiff's state of citizenship or residency.

2. Venue is properly conferred on this Court because the motor vehicle collision occurred in St. Francis County, Arkansas, which is located in this judicial district.

3. Pamela Ingram brings this claim in her capacity as the personal representative of the Estate of Billy R. Ingram and surviving spouse of Billy R. Ingram ("Billy Ingram" or "Mr. Ingram") and on behalf of the wrongful death beneficiaries of Mr. Ingram. Billy Ingram and Pamela Ingram were legally married at the time of Billy Ingram's death and had been married for many years before his death. An accurate copy of the order appointing Pamela Ingram as the Personal Representative of the Estate of Billy Ingram is attached as Exhibit 1 hereto.

4. Pamela Ingram is a domiciliary and citizen of the State of Tennessee, residing in Bolivar, Hardeman County, Tennessee. At the time of his untimely death, Billy Ingram was a domiciliary and citizen of the State of Tennessee, residing in Bolivar, Hardeman County, Tennessee.

5. Defendant C. H. Robinson Company, Inc. d/b/a C.H. Robinson Worldwide, Inc. ("C.H. Robinson") is a foreign corporation with a principal office located at 14701 Charlson Road, Suite 1200, Eden Prairie, MN 55347, and a business entity organized and existing under the laws of the State of Delaware, doing business in the State of Arkansas. Defendant C.H. Robinson Company, Inc. has designated Corporation Service Company, located at 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, AR 72201, as its agent for the purpose of accepting service of process.

6. Defendant Ryan Michael Keys ("Ryan Keys") resides at 28 Pheasant Lane, St. Peters, Missouri 63376.

7. Defendant E & S Freight Systems, LLC ("E & S Freight") is registered with the Federal Motor Carrier Safety Administration with a USDOT number of 2918066 and is a business entity organized and existing under the laws of the State of Iowa with its principal place of business in Waterloo, Iowa. Defendant E & S Freight has designated Arkansas Corp Services Inc., located at 12110 Arch Street, Little Rock, AR, 72206-4665, as its BOC-3 agent for purpose of accepting service of process of this complaint under 49 C.F.R. §366.

## FIRST CAUSE OF ACTION

*Negligence of Ryan Michael Keys*

8. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

9. On or about October 4, 2022, Defendant Ryan Keys was operating a semi-tractor trailer westbound on I-40 while in the course and scope of his employment, agency or contract with one or more of the Defendants.

10. Defendant Ryan Keys had a duty to drive in a safe and reasonable manner and to obey all traffic and other commercial motor vehicle safety laws while operating the semi-tractor trailer.

11. Defendant Ryan Keys breached these duties when he, among other things, failed to use ordinary and reasonable care, was driving too fast for the conditions, followed too closely, failed to keep proper lane, failed to use the required skill and/or attentiveness to keep the semi-tractor trailer on the roadway and to avoid colliding with other vehicles. Defendant Ryan Keys drove the eighteen-wheeler

across the median and into oncoming eastbound lanes, where it crashed into Billy Ingram's semi-tractor and another semi-tractor.

12. Billy Ingram was driving eastbound on I-40 in St. Francis, Arkansas at the time and could not avoid the semi-tractor trailer operated by Ryan Keys before it crashed into Billy Ingram's semi-tractor head-on. Billy Ingram was operating his truck in a safe and reasonable fashion at all times relevant to this claim.

13. As a direct result of the negligence and/or recklessness of Defendant Ryan Keys, Mr. Ingram's semi-tractor left the south side of the eastbound lanes of I-40, overturned and caught fire. As a result of this collision, Billy Ingram sustained severe injuries, was burned beyond recognition and died. Billy Ingram suffered pre-death pain, fright, shock, mental and physical suffering between the time of impact and ultimately lost his life as a result of this collision.

14. Defendant Ryan Keys' negligence was a direct and proximate cause of Billy Ingram's death and the damages complained of which are set forth more fully below.

15. Defendant Ryan Keys' actions demonstrate a conscious disregard for the rights and safety of Billy Ingram and others, which this Defendant knew, or should have known, was reasonably likely to result in injury, damage or death. Accordingly, Plaintiff demands punitive damages.

## SECOND CAUSE OF ACTION

*Vicarious Liability of Defendant E & S Freight*

16. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

17. At all relevant times, Defendant Ryan Keys was the employee, agent, servant, or independent contractor for Defendant E & S Freight and operating in the course and scope of this employment. Defendant E & S Freight, therefore, is vicariously liable for the acts of Defendant Ryan Keys with respect to this collision.

18. Defendant E & S Freight had the right to exercise control over the Defendant-driver's work in connection with the load and/or direct the manner in which the details of work were executed.

19. Defendant E & S Freight undertook the non-delegable duty to provide reasonably safe and competent transport of this load and breached this duty. This duty included the duty to comply with the Federal Motor Carrier Safety Regulations, the Arkansas Department of Safety Regulations, and Arkansas State Law.

20. Without regard to employment or agency relationship, Defendant E & S Freight is an interstate motor carrier and the registered owner of the USDOT displayed on the tractor-trailer involved in this collision, USDOT No. 2918066. Defendant E & S Freight, therefore, is responsible for the acts of the Defendant-driver as a matter of law.

### THIRD CAUSE OF ACTION

*Negligence of Defendant E & S Freight*

21. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

22. Defendant E & S Freight had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Ryan Keys; promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; and

exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

23. Defendant E & S Freight breached these duties by, among other things, failing to properly train drivers to stay alert on the road and drive reasonably safe free of distraction, by negligently entrusting the use of the equipment, negligently supervising, hiring and retaining driver Ryan Michael Keys.

24. Defendant E & S Freight's negligence was the direct and proximate cause of Billy Ingram's death and all of the damages set forth herein.

25. Defendant E & S Freight's actions and omissions demonstrate a conscious disregard of or indifference to the life, rights or safety of Billy Ingram and others, which Defendant knew, or should have known, was reasonably likely to result in injury, damage or other harm. Accordingly, Plaintiff demands punitive damages.

## FOURTH CAUSE OF ACTION

*Vicarious Liability of Defendant C. H. Robinson Company*

26. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

27. At all relevant times, Defendant C.H. Robinson selected one or more of the other Defendants to transport the load on the tractor-trailer at the time of this collision.

28. At all relevant times, one or more of the other Defendants were each the employee, agent (actual or apparent), servant, or independent contractor of Defendant C.H. Robinson and operating in the course and scope of this employment and/or agency.

29. Defendant C.H. Robinson retained the right to exercise control over these Defendants in connection with this load.

30. Defendant C.H. Robinson undertook the non-delegable duty to provide reasonable transport of this load and breached this duty.

31. Without regard to agency or employment relationship, Defendant C.H. Robinson was authorized to transport the load and assumed responsibility for the load. Accordingly, C.H. Robinson is one of the motor carriers for the subject load and responsible for the acts of these Defendants by operation of law and Defendant Ryan Michael Keys was an employee or agent (actual or apparent) of Defendant C.H. Robinson Company at all times relevant to this action. 49 C.F.R. § 376.12(c); 49 U.S.C. § 14102(a).

## FIFTH CAUSE OF ACTION

*Negligence of Defendant C. H. Robinson Company*

32. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

33. Operating a tractor trailer of the size and weight of the load involved in this collision involves a risk of physical harm to others unless it is skillfully and carefully done.

34. Defendant C.H. Robinson is regularly engaged in the business of shipping, brokering and logistics.

35. Defendant C.H. Robinson had a duty to select a competent contractor to transport this load.

36. Defendant C. H. Robinson breached these duties by retaining incompetent, unfit, or inexperienced contractors or sub-haulers to arrange and/or take this load.

37. Defendant C.H. Robinson knew or should have known of the particular incompetence because there were red flags about the other Defendants, including

7

that Defendants E & S Freight (and/or its drivers) had a history of safety violations; they had been cited previously numerous times for unsafe driving, speeding, equipment out of service, driving while fatigued, intoxicated or impaired and for which were available to view on publicly accessible websites.

38. The incompetence, lack of fitness or inexperience of the other Defendants, as well as the negligence of Defendant C.H. Robinson, were proximate causes of this collision and the death of Billy Ingram.

39. Defendant C.H. Robinson's actions and omissions were reckless and demonstrate a conscious disregard of or indifference to the life, rights or safety of Billy Ingram and others, which Defendant knew, or should have known, was reasonably likely to result in injury, damage or other harm. Accordingly, Plaintiff demands punitive damages.

## INJURIES AND DAMAGES

40. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

41. The conduct of the Defendants was, both at common law and/or statutorily, reckless, willful, knowing, grossly negligent, wanton, and in such total disregard for the safety of others that an award for punitive damages is necessary to deter such conduct in the future. As a result of the foregoing, in addition to compensatory damages, Plaintiff is entitled to recover punitive damages from Defendants and in order to deter Defendants and similarly situated third parties from committing the same or similar misconduct that endangers the general safety of the public. As a proximate and legal result of the aforesaid negligence, gross negligence, negligence per se and/or recklessness of the Defendants, Billy

Ingram suffered and sustained severe, serious, pre-death, pain, shock, fright, suffering, mental anguish, and injuries, from which he ultimately died. As a result of their acts, the Defendants are liable for the conscious pain and suffering of Billy Ingram and for all damages available under Arkansas law. There was no act of negligence by Billy Ingram that was a cause or that contributed to the wreck. At the time of his death, Billy Ingram, was strong, able-bodied and gainfully employed. He was an active and productive citizen who took great pride in his family, community relations and life.

42. Prior to his death, and as a direct and proximate result of Defendants' wrongful conduct as previously alleged herein, Billy Ingram sustained physical and mental pain and anguish, suffering in contemplation of his impending death, including pre-death terror, along with property damage and other loss, for which Plaintiff is entitled to recover compensatory damages against Defendants C.H. Robinson, E & S Freight and Ryan Keys, jointly and severally.

43. By reason of the death of Billy Ingram, the Plaintiff and others, each have been deprived of the support, comfort, society, advice, daily acts of love, affection and services all of which were substantial and of great value for which his Estate is entitled to recover against Defendants C.H. Robinson, E & S Freight and Ryan Keys, both jointly and severally.

44. Defendants are liable for the full amount of economic and non-economic damages recoverable under the law for the wrongful death of Billy Ingram.

45. Billy Ingram was killed as a proximate and legal result of the negligence, gross negligence, negligence *per se* and recklessness of the Defendants.

46. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, Billy Ingram suffered fatal injuries, and his surviving family members suffered damages of a personal and pecuniary nature, including, but not limited to, losses of consortium and mental anguish, including the grief normally associated with the loss of a loved one.
47. Wherefore, Plaintiff Pamela Ingram, demands judgment against the Defendants in the sum in excess of $75,000.00 exclusive of costs and interest, plus costs of suit and other relief this court deems just and appropriate.
48. Plaintiff seeks a monetary judgment for incurred funeral charges, pain and suffering, mental anguish including the grief normally associated with the loss of a loved one, loss of consortium and the pecuniary value for the loss of Billy R. Ingram.

## SURVIVAL CLAIMS

49. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.
50. Defendants are also liable under common law negligence to Plaintiff for the survival claims asserted by Plaintiff Pamela Ingram in this action.
51. Before his death, Billy Ingram experienced mental anguish, extreme fright, shock and physical pain and suffering as a direct and proximate result of Defendants' negligence, as outlined above.
52. Wherefore, Plaintiff Pamela Ingram, demands judgment against the Defendants in the sum in excess of $75,000.00 exclusive of costs and interests, plus costs of suit and all other relief this Court deems just and appropriate.

**WHEREFORE**, Plaintiff respectfully requests judgment in his favor and against all Defendants, in amount that is just and fair and in excess of seventy-five thousand dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

Marc E. Stewart, ABN 008008
MARC STEWART LAW, PLLC
100 River Bluff Drive, Ste. 130
Little Rock, Arkansas 72202
T| (501) 251-1988
F| (501) 265-0022
marc@marcstewartlaw.com

**ATTORNEY FOR PLAINTIFF**

Case 2:23-cv-00156-KGB   Document 1   Filed 07/28/23   Page 12 of 14

## IN THE CHANCERY COURT OF HARDEMAN COUNTY, TENNESSEE

IN RE:

ESTATE OF BILLY RAY INGRAM,

DECEASED.

No. P. 2497

### ORDER OPENING ESTATE OF INTESTATE DECEDENT AND APPOINTING PERSONAL REPRESENTATIVE

This cause came to be heard on April 20, 2023 upon the sworn Petition and of PAMELA JO INGRAM, a resident of Hardeman County, Tennessee, to be appointed Personal Representative of the Estate, and for issuance of Letters of Administration; and

IT APPEARS TO THE COURT that BILLY RAY INGRAM, died on October 4, 2022, at the age of 58, and was a resident of Hardeman County, Tennessee, at the time of death. He was married, and had three (3) children at the time of his death; and

IT APPEARS TO THE COURT that a due search and inquiry was made to ascertain whether the decedent left any Last Will and Testament that could be properly presented to probate. None has been found, and it appears that the decedent died intestate; and

IT FURTHER APPEARS TO THE COURT that the Petitioner is the Decedent's surviving spouse, is entitled to a priority to serve as Administratrix, and has demonstrated a willingness and capacity to serve, and that the Petitioner has neither been convict of a felony nor served sentence in a Tennessee penitentiary.

IT FURTHER APPEARS TO THE COURT that this estate is being established in order to support litigation surrounding the circumstances of the death of the Decedent,



EXHIBIT 1

FILED April 20, 2023 at 11:26 o'clock A .M.
KIMBERLY P. PARAS
CLERK & MASTER
BY K. ...... P. Paras

that there are no assets subject to administration currently, and it is reasonable and appropriate that the setting of bond be reserved until such time as there are assets subject to administration.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

1. PAMELA JO INGRAM is hereby appointed Personal Representative of the Estate.

2. The Clerk of this Court is ordered to issue Letters of Administration upon the taking of the oath; and

3. Bond is hereby reserved until such time as there are assets to be administered.

4. The Personal Representative shall be considered the "personal representative" for purposes of T.C.A § 20-5-106, and shall have the express authority to pursue any and all causes of action on behalf of the Decedent, including but not limited to:

   a. authority to retain and contract with litigation counsel to pursue claims on behalf of the Decedent on such terms as she shall deem reasonable, including specifically a contingent fee arrangement;

   b. authority to issue subpoenae in support of any litigation on behalf of the decedent or in conjunction with this Estate;

   c. authority to obtain the "protected health information" under HIPAA for copies of the records of the decedent;

   d. authority to execute such pleadings and other documents as required by litigation counsel;

   e. authority to negotiate the settlement of any claims in consultation with litigation counsel, be it prior to or subsequent to filing suit on behalf of the Decedent; provided, however, that any such negotiated settlement must be approved by this Court; and

   f. authority to take such other actions in order to protect the legal interests of the Decedent

*Kimberly P. Paras*
CLERK & MASTER

DATE: 4/20/2023

APPROVED:

*[signature]*
DANIEL C. SHUMAKE (#020994)
*Attorney for Estate*
6070 Poplar Avenue, Suite 550
Memphis, Tennessee 38119
(901) 628-1548 | dan@probatememphis.com

3