IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

PAMELA INGRAM, as Personal
Representative of the Estate of
BILLY R. INGRAM and as
surviving spouse of BILLY R. INGRAM,
deceased, and on behalf of the wrongful
death beneficiaries of BILLY R. INGRAM                                    PLAINTIFF

v.                              Case No. 2:23-cv-00156-KGB

C.H. ROBINSON COMPANY, INC.
d/b/a C.H. ROBINSON WORLDWIDE, INC.;
RYAN MICHAEL KEYS; and
E&S FREIGHT SYSTEMS, LLC                                                  DEFENDANTS

**ORDER**

Before the Court is defendant C.H. Robinson Company, Inc. d/b/a C.H. Robinson Worldwide, Inc.'s ("C.H. Robinson") motion to dismiss for failure to state a claim (Dkt. No. 11). Plaintiff Pamela Ingram filed a response in opposition to the motion (Dkt. No. 29). C.H. Robinson filed a reply in support of its motion to dismiss and later filed a supplement in support of motion to dismiss (Dkt. Nos. 33, 47). Ms. Ingram filed a third supplement in support of her response to C.H. Robinson's motion to dismiss (Dkt. No. 48). For the following reasons, the Court denies defendant C.H. Robinson's motion to dismiss for failure to state a claim (Dkt. No. 11).

The Court also has before it other pending motions related to discovery and pretrial deadlines in this case (Dkt. Nos. 44, 53).

**I.   Background**

Ms. Ingram filed her complaint in this Court on July 28, 2023, alleging that defendants Ryan Michael Keys, E&S Freight Systems, LLC ("E&S"), and C.H. Robinson were negligent and that E&S Freight and C.H. Robinson are vicariously liable (Dkt. No. 1). C.H. Robinson's motion

to dismiss for failure to state a claim concerns Ms. Ingram's claims of negligence and vicarious liability (Dkt. No. 11).

Ms. Ingram is the surviving spouse of Billy R. Ingram and personal representative of the Estate of Billy R. Ingram (Dkt. No. 1, ¶ 3). On October 4, 2022, Mr. Keys was operating a semi-tractor trailer within the scope of his employment as an employee, agent, servant, or independent contractor for E&S (*Id.*, ¶¶ 9, 17). While Mr. Keys was traveling westbound on I-40 in St. Francis, Arkansas, Mr. Ingram was driving a semi-tractor trailer headed eastbound on I-40 (*Id.*, ¶¶ 9, 12). Mr. Keys negligently or recklessly drove across the median into opposing traffic and crashed into Mr. Ingram's eighteen-wheeler, which overturned and caught fire ultimately killing Mr. Ingram (*Id.*, ¶¶ 11, 13). Mr. Ingram was driving in a safe manner at all times during this incident (*Id.*, ¶ 12). At the time of the collision, Mr. Keys was transporting a freight load that had been arranged by C.H. Robinson (*Id.*, ¶¶ 27). In its regular course of operation, C.H. Robinson engages in the business of shipping, brokering, and logistics. (*Id.*, ¶¶ 34).

For her negligence claim, Ms. Ingram alleges that C.H. Robinson breached its duty to select competent transport "by retaining incompetent, unfit, or inexperienced contractors or sub-haulers to arrange and/or take [the] load." (*Id.*, ¶¶ 35–36). Ms. Ingram claims that defendant C.H. Robinson knew or should have known of incompetence of E&S and Mr. Keys because "E & S Freight (and/or its drivers) had a history of safety violations; they had been cited previously numerous times for unsafe driving, speeding, equipment out of service, driving while fatigued, intoxicated or impaired and for which were available to view on publicly accessible websites." (*Id.*, ¶ 37).

Ms. Ingram alleges that C.H. Robinson is vicariously liable because it "selected one or more of the other Defendants to transport the load," and they "were each the employee, agent

2

(actual or apparent), servant, or independent contractor of Defendant C.H. Robinson." (*Id.*, ¶¶ 27–28). Ms. Ingram alleges that, at the time of the accident, one or more of the other defendants were "operating in the course and scope of this employment and/or agency." (*Id.*, ¶ 28). Ms. Ingram further alleges that C.H. Robinson "retained the right to exercise control over [the] Defendants in connection with this load" and "undertook the non-delegable duty to provide reasonable transport of [the] load and breached this duty." (*Id.*, ¶¶ 29–30). Moreover, Ms. Ingram asserts that C.H. Robinson is vicariously liable regardless of an employment or agency relationship because it "was authorized to transport the load and assumed responsibility for the load." (*Id.*, ¶ 30). Thus, Ms. Ingram alleges that C.H. Robinson was a motor carrier for the load and consequently is responsible for the acts of defendants under Federal Motor Carrier Regulations 49 C.F.R. § 376.12(c) and 49 C.F.R. § 14102(a) (*Id.*, ¶ 31).

In its motion to dismiss for failure to state a claim, C.H. Robinson asserts that Ms. Ingram's claims of negligence and vicarious liability are preempted by the Federal Aviation Authorization Administration Act, 49 U.S.C. § 14501 *et seq.* (2023) ("FAAAA") (Dkt. No. 11, ¶ 2). C.H. Robinson claims that, because Ms. Ingram's claims of negligence and vicarious liability against C.H. Robinson are preempted by the FAAAA, Ms. Ingram's complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) (*Id.*). Ms. Ingram responds that the Court should deny the motion to dismiss because all of the facts necessary to establish C.H. Robinson's affirmative defense do not appear on the face of the complaint (Dkt. No. 29, at 2). Further, Ms. Ingram argues that a majority of courts to address the issue have concluded that the FAAAA does not preempt personal injury and wrongful death claims for negligent selection of an unsafe trucking company or that the FAAAA's safety exception saves the claims from preemption (Dkt. No. 29, at 2–3).

3

C.H. Robinson filed a reply in support of its motion to dismiss for failure to state a claim arguing that, contrary to Ms. Ingram's assertion, the FAAAA preempts the negligence claim and that Ms. Ingram's vicarious liability claims should also be preempted (Dkt. No. 33). Ms. Ingram later filed two supplements in support of her response to C.H. Robinson's motion for leave to file a reply attaching what Ms. Ingram considered to be persuasive authority in support of her position (Dkt. No. 34, 40). On June 13, 2024, C.H. Robinson filed a supplement in support of its motion to dismiss (Dkt. No. 47). On June 14, 2024, Ms. Ingram filed a third supplement in support of her response to C.H. Robinson's motion to dismiss (Dkt. No. 48). For the following reasons, the Court denies C.H. Robinson's motion to dismiss (Dkt. No. 11).

## II.     Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To overcome a motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). However, a court need not credit conclusory allegations or "naked assertion[s]

4

devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). "Finally, the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III. Analysis

#### A. Preemption

Under Article VI of the United States Constitution, the supremacy clause provides that federal law is the supreme law of the land, and "Congress has the power to preempt state law." *Arizona v. United States*, 567 U.S. 387, 398–99 (2012). Congress may specifically withdraw powers from the states by including an express preemption provision within statute. *Id.* State law will be expressly preempted "when a federal law explicitly prohibits state regulation in a particular field." *Mo. Brd. Of Examiners for Hearing Instrument Specialists v. Hearing Help Express, Inc.*, 447 F.3d 1033, 1035 (8th Cir. 2006). When Congress includes an express preemption clause, courts must focus on the statutory language to determine the domain that is expressly preempted. *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 260 (2013).

The FAAAA has an express preemption clause that states:

> Except as provided in paragraph (2) and (3), a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.

49 U.S.C. § 14501(c)(1).

Because the FAAAA does not preempt common law negligent operation claims against motor carriers or drivers, C.H. Robinson's motion to dismiss is premised on two points. First, C.H. Robinson asserts that it is covered by the FAAAA as a broker. Second, it asserts preemption

coverage because Ms. Ingram's claims against it are "related to a . . . service . . . with respect to the transportation of property." (Dkt. No. 12).  49 U.S.C. § 14501(c)(1).

At this stage in the proceedings, whether preemption applies depends on what Ms. Ingram alleges in her complaint.  Ms. Ingram pleads that C.H. Robinson "is regularly engaged in the business of shipping, brokering and logistics" (Dkt. No. 1, ¶ 34), but even accepting as true Ms. Ingram's allegation that C.H. Robinson is a broker, an issue persists as to whether the negligent hiring of a motor carrier and driver constitute a service for the transportation of property in order for preemption to apply in this case.  *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1023 (9th Cir. 2020) (remarking that "district courts have reached differing conclusions as to whether negligence claims like [plaintiff's] are 'related to' broker services.") (citing *Scott v. Milosevic*, 372 F. Supp. 3d 758, 769–70 (N.D. Iowa 2019) (determining that personal injury claims alleging negligence are not "related to" broker services)); *Mendez v. BMS Trucking, Inc.*, Case No. C114-346, 2019 WL 13242724, *3 (Neb. Dist. Ct. Mar. 28, 2019) (concluding on summary judgment that plaintiff's negligence action against the carrier and/or broker was not preempted by the FAAAA).  Accordingly, the Court cannot at this stage of the proceeding grant C.H. Robinson's motion to dismiss based solely on the fact that C.H. Robinson may have been acting as a broker.

Moreover, as discussed in greater detail below, Ms. Ingram pleads that C.H. Robinson acted beyond the scope of a mere broker by acting as a motor carrier and exercising control over the other defendants to the extent of establishing an employment or agency relationship outside of the purview of the FAAAA (*Id.*, ¶ 28-29).  In similar circumstances, courts have held that the FAAAA does not preempt vicarious liability claims against freight brokers.  *See, e.g.*, *Mendoza v. BSB Transport, Inc.*, Case No. 4:20-cv-270-CDP, 2020 WL 6270743, at *4 (E.D. Mo. Oct. 26,

2020) (citing *Ye v. Glob. Sunrise, Inc.*, Case No. 1:18-cv-01961, 2020 WL 1042047, at *4–5 (N.D. Ill. Mar. 4, 2020)).

      **B.**      **Negligent Hiring**

Ms. Ingram alleges not only that C.H. Robinson was in the brokerage business but also that it exceeded its brokerage capacity by acting as a motor carrier and establishing an agency or employment relationship with the other defendants (Dkt. No. 1, ¶¶ 27–30). Even if the Court were to accept that C.H. Robinson acted solely a broker, that fact would not be dispositive of the preemption issues raised. The mere fact that an entity is a broker does not lead to the automatic conclusion that a state claim against it is preempted by the FAAAA. *See Miller*, 976 F.3d at 1023 (citing *Scott*, 372 F. Supp. 3d at 769–70). The claim must be "related to a . . . service . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). The United States Supreme Court has offered some guidance by explaining "the phrase 'related to' embraces state laws 'having a connection with or reference to' carrier 'rates, routes, or services,' whether directly or indirectly." *Dan's City Used Cars, Inc.*, 569 U.S. at 252 (quoting *Rowe v. New Hampshire Motor Transport Ass'n*, 552 U.S. 364, 370 (2008)). Further, the Court emphasized that the FAAAA "does not preempt state laws affecting carrier prices, routes, and services 'in only a "tenuous, remote, or peripheral . . . manner."'" *Id.* (quoting *Rowe*, 552 U.S. at 371). Regarding negligent hiring claims against brokers, different courts have construed these rules in various ways, and the circuits are split as to whether a broker hiring a motor carrier or driver to carry a freight load constitutes a service for the transport of property. *See Mendoza v. BSB Transport, Inc.*, Case No. 4:20-cv-270-CDP, 2020 WL 6270743, at *3 (E.D. Mo. Oct. 26, 2020) (citing *Lopez v. Amazon Logistics, Inc.*, Case No. 3:19-cv-2424-N, 2020 WL 2065624, at *4 (N.D. Tex. Apr. 28, 2020); *Gillum v. High Standard, LLC*, Case No. SA-19-cv-1378-XR, 2020 WL 444371, at *3–5 (W.D. Tex. Jan. 27,

2020) (describing "'two diverging lines of cases,' a line of preemption and a line of no preemption.")) (determining that plaintiff's negligent selection/hiring claim fell within the scope of the safety regulation exception and was therefore not preempted by the FAAAA).

The Eighth Circuit Court of Appeals has not answered whether the FAAAA preempts negligent hiring claims against brokers. *Scott*, 372 F. Supp. 3d at 770. The Eighth Circuit has ruled on the scope of the Airline Deregulation Act ("ADA"), which the Supreme Court has recognized is identical in scope to the FAAAA's preemption clause. *Rowe*, 552 U.S. at 370. In *Watson v. Air Methods Corporation*, the Eighth Circuit held that "the state laws whose 'effect' is 'forbidden' under federal law are those with a '*significant* impact' on carrier rates, routes, or services." 870 F.3d 812, 817 (8th Cir. 2017) (emphasis in original) (quoting *Rowe*, 552 U.S. 375–76). The test the *Watson* court adopted to analyze this inquired whether, in the event of a plaintiff's success, defendant would be ordered to modify its safety practices and whether the defendant would have to "implement any subsidiary conclusion of a state court about the meaning of safety regulations." *Id.* If not, defendant's services would not have a sufficient relation to fall within the ambit of the preemption clause. *Id.* Several district courts in the Eighth Circuit have relied on *Watson* in holding that negligent selection claims against brokers are not preempted by the FAAAA. *See Scott*, 372 F. Supp. 3d at 770; *Carter v. Khayrullaev*, 2022 WL 9922419, at *4 (E.D. Mo. Oct. 17, 2022). Although the Eighth Circuit has not expressly ruled on this issue, the Court determines at this stage of the proceedings and given the other district court cases in this Circuit that it cannot determine that Ms. Ingram's negligent hiring claims against C.H. Robinson are preempted by the FAAAA.

### C. Vicarious Liability

Ms. Ingram brings a claim of vicarious liability against C.H. Robinson along with her negligent hiring claims (Dkt. No. 1, ¶¶ 26–31). Vicarious liability can occur through an employment or agency relationship. *Ye v. Glob. Sunrise, Inc.*, Case No. 1:18-cv-01961, 2020 WL 1042047, at *4–5 (N.D. Ill. Mar. 4, 2020). Vicarious liability can also occur in situations where a broker qualifies as a motor carrier because of how it holds itself out and the responsibility it has for a load. *See Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, 767 Fed. App'x. 284, 287 (3rd Cir. 2019). Courts have consistently refused to dismiss vicarious liability claims against brokers based on preemption, even in those courts that found negligent selection to be preempted. *See, e.g., Ye*, 2020 WL 1042047, at *4–5; *Girardeau v. Hobbs*, Case No. 4:21-cv-01264-MTS, 2023 WL 5348770, at *2 (E.D. Mo. Aug. 21, 2023); *Mendoza v. BSB Transport, Inc.*, Case No. 4:20-cv-270-CDP, 2020 WL 6270743, at *4–5 (E.D. Mo. Oct. 26, 2020).

Furthermore, district courts within the Eighth Circuit have declined to grant motions to dismiss based on preemption on vicarious liability claims against brokers because an entity's classification as a broker is not necessarily exclusive where it is alleged that a broker acted outside of its brokerage capacity, recognizing that the question "is better resolved on a more complete factual record." *Shaw v. Jesse Morris Trucking, LLC*, Case No. 3:20-cv-00134-DPM, 2020 U.S. Dist. LEXIS 183458, at *1–2 (E.D. Ark. Oct. 2, 2020); *see also Evans v. Kushnazarov et al.*, Case No. 2:19-cv-00143-JM (E.D. Ark. Jan. 20, 2021) (Text Entry Order at Dkt. No. 84) (denying RPM Freight Systems LLC's motion to dismiss and concluding the preemption issue is better dealt with on summary judgment because plaintiffs had plead in the alternative that RPM Freight Systems LLC could have acted outside its scope as a broker, taken part in training and supervision, and taken actions that may fall within the safety exception).

In the present case, it is significant that Ms. Ingram alleged that C.H. Robinson engages in the business of shipping, brokering, and logistics while also alleging the existence of an employment or agency relationship and motor carrier status (*Id.*, ¶¶ 28, 31, 34). By examining the well-pled allegations in the complaint, it is plausible that C.H. Robinson exceeded its capacity as a broker in this case by establishing an employment or agency relationship, which would remove the case from preemption consideration under the FAAAA. It is also plausible that C.H. Robinson held itself out in this case as more than a broker and had responsibility for the load to the extent that it acted as a motor carrier. Based on the allegations in Ms. Ingram's complaint, accepting those allegations as true at this stage of the proceeding, and given the district court cases in this Circuit that have declined to grant motions to dismiss based on preemption on vicarious liability, the Court denies C.H. Robinson's motion to dismiss Ms. Ingram's vicarious liability claim as preempted by the FAAAA. *See Scott*, 372 F. Supp. 3d at 770; *Carter*, 2022 WL 9922419, at *4.

### D. The FAAAA's Safety Exception

Moreover, even if a broker's negligent hiring were accepted as a service within the meaning of the FAAAA, the statute provides a safety exception that could nonetheless make preemption inapplicable to Ms. Ingram's claims. The exception provides:

> Paragraph (1) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization.

49 U.S.C. § 14501(c)(2)(A).

Federal Circuit Courts are divided as to whether a claim against a broker for negligent selection falls within this exception as an exercise of a state's regulatory authority with respect to motor vehicles. *Compare Miller*, 976 F.3d at 1029–30 (determining that plaintiff's negligence

claim falls within § 14501(c)(2)(A)'s safety exception) *with Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453 (7th Cir. 2023) (concluding "that Ye's negligent hiring claim against GlobalTranz does not fall within the scope of § 14501(c)(2)'s safety exception"). C.H. Robinson notes in its supplement in support of its motion to dismiss that the United States District Court for the Eastern District of Texas has recently found the reasoning of *Ye* persuasive in determining that the safety exception does not save a claim from preemption. *See Hamby v. Wilson*, Case No., Case No. 6:23-cv-2490-JDK, 2024 WL 2303850, *5 (E.D. Tex. May 21, 2024). !

The Eighth Circuit Court of Appeals has not weighed in on the matter, but other district courts within the Eighth Circuit have recognized that a broker's negligent hiring can be saved from FAAAA preemption under § 14501(c)(2)(A)'s safety exception. *Mendoza v. BSB Transport, Inc.*, Case No. 4:20-cv-270-CDP, 2020 WL 6270743, at *4 (E.D. Mo. Oct. 26, 2020) (citing *Miller*, 976 F.3d at 1029–30); *Uhrhan v. B & B Cargo, Inc.*, Case No. 4:17-cv-02720-JAR, 2020 WL 4501104, at *5 (E.D. Mo. Aug. 5, 2020). *But see Girardeau v. Hobbs*, Case No. 4:21-cv-01264-MTS, 2023 WL 5348770, at *2 (E.D. Mo. Aug. 21, 2023) (citing *Ye*, 74 F.4th at 466; *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261, 1268, 1267, 1272 (11th Cir. 2023)). Based on the record before the Court at this stage in the proceeding as well as the Court's review of the cases, the Court determines that at this stage Ms. Ingram has stated a plausible claim against defendant C.H. Robinson for negligent selection that is not preempted by the FAAAA's safety exception.

## IV.     Conclusion

On the record before the Court at this stage in the proceedings, Ms. Ingram's negligence and vicarious liability claims against C.H. Robinson are not clearly preempted by the FAAAA. For these reasons, the Court denies C.H. Robinson's motion to dismiss (Dkt. No. 11).

Accordingly, the Court denies C.H. Robinson's renewed motion to stay discovery (Dkt. No. 53). The Court grants Ms. Ingram's motion to compel responses to first interrogatories and requests for production of documents to defendant C.H. Robinson, with certain modification (Dkt. No. 44). C.H. Robinson must respond to the outstanding discovery within 30 days from the date of this Order. The Court declines to award costs and fees with regard to the motion to compel.

It is so ordered, this 3rd day of September, 2024.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge